# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NOS. DKC-24-183** |
| **TURON WILLIAMS,** | **DKC-20-084** |
| **Defendant.** | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

The United States of America consents to the request of the Defendant, Turon Williams, to reopen detention pursuant to 18 U.S.C. § 3142(f)(2)(B), but maintains that the safety of the community would be jeopardized if the Defendant were released pending trial. As the Government will explain further, despite any change in circumstance in the above captioned cases, there are still no conditions or combination of conditions that would ensure public safety. Accordingly, the Defendant must be detained pending trial and Judge Coulson's April 17, 2025, Order of Detention must remain in effect.

### Procedural History

The Defendant and two codefendants were arrested on November 5, 2023, by Baltimore Police Department detectives after being found in a stolen vehicle. Upon police arrival, the Defendants tried to flee in the stolen vehicle, but struck a light pole, disabling the vehicle. Police found this Defendant in the rear seat of the stolen vehicle and his codefendants in the front seats. Codefendant Pratcher was arrested on scene from the driver's seat of the stolen vehicle where police recovered a black Glock model 23 .40 caliber handgun containing 21 rounds of ammunition in a high-capacity magazine from the driver's floorboard near Pratcher's feet. Codefendant Smith

fled on foot from the front passenger seat of the vehicle. Police pursued Smith with the assistance of BPD Aviation who observed Smith remove a firearm from his waistband area and discard it while fleeing. Police recovered that firearm which turned out to be a black Glock model 21 .45 caliber handgun, equipped with a machinegun conversion device, loaded with 27 rounds of ammunition in a high-capacity magazine.

This Defendant was arrested on scene from the rear seat of the stolen vehicle where police recovered a tan Glock model 19X 9mm handgun that police saw sticking out of a trash bag at the Defendant's feet. The firearm was equipped with a machinegun conversion device and loaded with 22 rounds of ammunition in a high-capacity magazine. The firearm was reported stolen out of Prince George's County, Maryland, 49 days prior to its recovery from the Defendant. Police recovered additional loaded magazines from the center console of the vehicle, one of which was a tan 9mm magazine matching the firearm possessed by the Defendant. The Defendant was initially booked and charged in state court and held without bail following a bail review hearing.

All three Defendants were federally indicted for the same underlying facts on June 4, 2024, in a five-count indictment with one count of Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371, one count of Carjacking in violation of 18 U.S.C. § 2119(1), one count of Conspiracy to Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o), one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii), and one count of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). The State subsequently entered the Defendants' cases nolle prosequi in favor of federal prosecution. This Defendant had an initial appearance in this case on June 17, 2024, consented to detention by agreement, and was transferred to primary federal custody.

A detention hearing was held on April 17, 2025. At the detention hearing, the Government sought detention of the Defendant for the safety of the community based on the nature and circumstances of his pending offenses, the weight of the evidence in favor of his guilt, his prior criminal history, his poor performance on supervised release, and the ineffectiveness of his proposed release plan to protect the community. The pretrial services report recommended detention based on a risk of nonappearance and danger to the community.

At a status conference with the Trial Court on December 11, 2025, the Government notified the Trial Court and defense counsel that the Government, based on newly discovered evidence presented by Codefendant Pratcher, would be proceeding to trial on January 20, 2026, only on Count Five, 18 U.S.C. § 922(g)(1).

The Defendant filed a motion to reopen detention on December 15, 2025, based on information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." ECF No. 24 quoting 18 U.S.C. § 3142(f)(2)(B). The Government agrees that the parties have received information that was not known to this Defendant at the detention hearing on April 17, 2025, and further agrees that information has a material bearing on the issue of detention. However, there are still no conditions or combination of conditions that would reasonably protect the public from the Defendant pending trial and the Court still has ample grounds to enter an order of detention pursuant to 18 U.S.C. § 3142 and should do so.

## **Argument**

The factors a court shall consider in determining whether a defendant shall be detained pending trial are:

> (1) the nature and circumstances of the offense charged, including whether the offense…involves. . . a controlled substance [or] firearm;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In the instant case, even considering the change in circumstances, the statutory factors establish that the Defendant should be detained pending trial.

### I. The Nature and Circumstances of the Offense

The crime is serious. The Defendant was found in a stolen vehicle with two codefendants, all of whom are alleged to possess firearms and all of which are prohibited. This Defendant in particular possessed a machinegun that was stolen less than fifty days before this incident, containing an aftermarket high-capacity magazine, along with the original Glock high-capacity magazine nearby. The Bail Reform Act calls out offenses involving firearms as one requiring careful consideration. 18 U.S.C. § 3142 (g)(1). It is without question this is precisely the type of dangerous environment for the community referenced by the Bail Reform Act. Accordingly, the nature and circumstances of the offense support detention.

### II. Weight of the Evidence

The evidence of the Defendant's guilt is strong. Police located the stolen vehicle occupied by the Defendants based on license plate reader hits and the utilization of CitiWatch surveillance cameras. The surveillance cameras capture police initiating a stop of the Defendants, the Defendants attempting to flee in the vehicle, and the subsequent arrest of the Defendant.

All police involved were equipped with body worn cameras that were used during this incident. The cameras captured audio and video recordings of the events, including police attempts

to arrest the Defendants and Defendants' attempts to flee the scene. The recovery of the firearms from the stolen vehicle were captured on body worn camera. All three recovered firearms, as well as all items recovered from the stolen vehicle, were processed for DNA. Those results are pending.

While the Defendant claims the evidence to be weak, the Defendant mischaracterizes the evidence. This is not a case where a firearm was found in a compartment of a vehicle occupied by three people, none of whom claim knowledge or ownership. This is a case where there are three loaded firearms inside of stolen vehicle in which three people occupy, all of whom are prohibited from possessing a firearm.

This is also a situation in which this Defendant continues to associate with individuals that he knows are also prohibited. This Defendant is on supervised release in DKC-20-084 along with Codefendant Pratcher for a prior federal drug conspiracy they committed together. The weight of the evidence favors detention.

**III.     History and Characteristics of the Person**

Not only should the Defendant be detained pending trial based on the charged offense and the strength of the evidence against him, but also because his criminal record underscores his dangerousness to the community and his inability to comply with supervision.

At age seventeen, he was convicted of illegally possessing a firearm and was given a time-served sentence. That same year, he was also convicted of armed robbery and use of a handgun in the commission of a crime of violence. The Defendant was sentenced in that case to fifteen years, suspending all but five years, and placed on a period of three years of supervised probation. He subsequently violated that probation.

The Defendant has two prior federal convictions. Specifically, at the age of 25, the Defendant was convicted of 18 U.S.C. § 922(g)(1) and was sentenced to 33 months to the Bureau

of Prisons with three years of supervised release. While on supervised release in that case, the Defendant was convicted of conspiracy to distribute and possession with intent to distribute controlled substances. In the federal drug conspiracy case that this Defendant and Codefendant Pratcher share, this Defendant received a sentence of 48 months with three years of supervised release plus an additional sentence of twelve months for violating his prior federal supervised release. Just seven months after being released from the Bureau of Prisons and placed on another period of supervised release, the Defendant committed the instant offense that involves a stolen firearm, equipped with a machinegun conversion device, loaded with 22 rounds of ammunition in a high-capacity magazine.

At 33 years old at the time of this offense, the Defendant has been arrested at least sixteen times, has four prior convictions, two of which are federal, and violated supervision twice by committing new offenses. It is clear, that the Defendant has a nonexistent ability to be supervised without further committing crimes. There is no evidence to suggest that the community would be protected by pretrial supervised release in this case. Home confinement would do nothing to alleviate safety concerns generated by the overwhelming evidence to the contrary in this case. Accordingly, the facts of the current case and the Defendant's recidivism suggest that the Defendant cannot stop engaging in criminal acts against the community even while under supervision. The Defendant's release pending trial given his criminal history would be a serious danger to the community.

IV. **The Nature and Seriousness of the Danger to the Community in the Event of the Defendant's Release**

The Defendant demonstrates a pattern of engaging in violence, drug trafficking, and firearms offenses, even while under court supervision. The instant case is no different. The Defendant suggests that the case is now "vastly different to the one previously presented to the

Court." ECF No. 82. Quite the contrary. This is still a case in which the Government may properly seek detention. This is still a case in which the Defendant is charged with a serious offense. This is still a case in which there is more than probable cause to believe that the Defendant committed the charged offense. And this is still a case in which the Defendant committed the instant offense while on federal supervised release. In fact, even if the Court removed the prior 924(c) presumption, the same reasoning applies in favor of detention as previously considered by the Dentation Court: 1) recommendation of pretrial; 2) criminal history; 3) poor performance on prior supervision; 4) current offense on federal supervision; and 5) nature of current charge: federal firearms offense. There is still substantial evidence for an order of detention given that no condition or combination of conditions would ensure public safety if the Defendant were released.

## CONCLUSION

For the reasons set forth above, even given the change in circumstances, there are no condition or combination of conditions that will protect the community from the Defendant pending trial. Accordingly, Judge Coulson's order April 17, 2025, order of detention should not be disturbed, and the Defendant must be detained pending trial.

    Respectfully submitted,

    Kelly O. Hayes
    United States Attorney

By:     /S/
    James I. Hammond
    LaRai Everett
    Assistant United States Attorneys
    36 South Charles Street, Fourth Floor
    Baltimore, Maryland 21201
    410-209-4800