# SCHULMAN, HERSHFIELD & GILDEN, P.A.
ATTORNEYS AT LAW
ONE EAST PRATT STREET
SUITE 904
BALTIMORE, MARYLAND  21202
(410) 332 0850
FAX (410) 332 0866

rbardos@shg-legal.com                                                                               29 December 2025

**VIA ECF**
Deborah K. Chasanow, Judge
United States District Court for
the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21202

                        RE:  *United States v. Pratcher, et al.*
                               Case No. DKC-24-183

Dear Judge Chasanow:

      On December 11, 2025, the Government advised the Court that it intended to go forward only on count five of the pending indictment, which charges the defendants with possession of firearms by prohibited persons. Counts one through four charge armed carjacking and related gun allegations, including a charge under 18 U.S.C. sec 924(c). The defendants have been detained for over 25 month based on these charges.

      In short, the armed carjacking charged that on November 4, 2023, the defendants, in downtown Baltimore, brandishing weapons, took a Mercedes convertible by force from the persons in the Mercedes, Judy Moody and Jakari Bonner. Recently, however, the defense learned that no armed carjacking occurred, or any carjacking at all, and that Ms. Moody was was, in fact, at her house in Baltimore County at the time of the alleged car taking.

      This discovery was not entirely surprising in light of the unusual circumstances surrounding the events on November 4, many of which are on contemporaneous videos. The details of those questionable circumstances are not necessary here, except to say that Ms. Moody gave two video interviews at the time stating that she was in her Mercedes when four masked men with guns pointed at her forced her out of her car.

      Learning that Ms. Moody was not downtown at the time she claimed to have been the victim of an armed carjacking led undersigned defense to meet with Government counsel on December 15, 2025, to discuss the certain discrepancies of the carjacking allegations. At that meeting, Government counsel offered to provide information that, they asserted, indicated that Government counsel had reviewed the discrepancies with Government witnesses.

29 Decembr 2025
Deborah K. Chasanow, Judge
Page 2 of 2

  Government counsel advised that the materials were Grand Jury related and that they had met with Moody and Bonner prior to their Grand Jury testimony to discuss any discrepancies between their anticipated testimony and the videos surrounding thee November 4 events. Although no reports of those pre-testimony interviews were written, on December 19, 2025, Government counsel provided Grand Jury transcripts for both Moody and Bonner to defense counsel with a signed "Attorneys Eyes Only" agreement. Without disclosing the content of those materials, I can say that the transcripts created a basis for a substantive motion to dismiss the indictment.

  However, in subsequent discussions with Government counsel, the Government takes the position that the contents of the transcripts may not be disclosed, even under seal to the Court, absent a Court order. Because of the critical importance of the integrity of the Grand Jury, and in light of the ongoing cooperative approach taken by Government counsel, I have agreed to the Government's requirement.

  The Government's position is that these transcripts should not be disclosed, even to Your Honor. However, in order to seek permission to file a motion to disclose these materials, which are necessary to the defendant's motion to dismiss the indictment, I would need to disclose the contents of those transcripts in that motion. Obviously, filing that motion with Your Honor defeats the Government's desire to keep these material completely private as they would already be disclosed to this Court.

  To accommodate the Government's position and the "Attorneys Eyes Only" agreement, but still permit the defense the opportunity to file the necessary motion, I would respectfully request that the motion to disclose the Grand Jury materials be referred to another Judge for resolution; I can also advise the Court that the Government opposes my request.

  Thank you for your consideration of this request.

Very truly yours,

Richard Bardos, Of Counsel

RBB:rb
Cc: All Counsel via ECF