UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No. DKC-24-183 |
| RONALD SMITH.*ET AL*. | * | |
| Defendant | * | |
| For: RONALD SMITH | * | |

## MOTION TO DISMISS INDICTMENT

Defendant, RONALD SMITH, by his undersigned counsel, hereby moves this Honorable Court to dismiss the current indictment against him and as grounds states:

### INTRODUCTION

The defendant was arrested on the instant charges by State authorities on November 4, 2023. He was detained by State authorities until June 20, 2024, when he was ordered detained. ECF 25.

The current indictment charges five counts - the first four related to an alleged armed carjacking that is said to have occurred on November 4, 2023 in downtown Baltimore. The fifth count charges all three defendants with possessing three weapons while being prohibited persons. ECF 1.[1]

In short, the armed carjacking counts charge that on November 4, 2023, the defendants, in downtown Baltimore, brandishing weapons, took a Mercedes convertible by force from the persons in the Mercedes, Judy Moody and Jakari Bonner. Discovery in this case included Baltimore City CCTV videos, several Baltimore City police officers'

---

[1] During a December 11, 2025, conference call with the Court and parties, the Government advised that it only intends to go forward on count five. Nevertheless, the remaining counts are still pending and viable.

body worn cameras(BWC) as well as video interviews of Moody and Bonner. Although the CCTV cameras did not capture the moment the Mercedes changed drivers, the camera does show what happened immediately after the change in drivers.[2] CCTV cameras also show the brief travel of the Mercedes after the change in drivers, and then several blocks of travel of the defendants' vehicle, a black BMW, after the Mercedes was parked on the side of the road and abandoned shortly after the driver change. Further, one BWC camera captures an interview with Ms. Moody about an hour later. Finally, both Moody and Bonner provided video recorded interviews at the police station which were available to the federal Government and subsequently provided to defense counsel.

## ARGUMENT

I. Information available at the time of the indictment

Analysis of these materials, all of which were provided by the Government, raised serious questions about the credibility of Ms. Moody. First, Moody waited over 50 minutes to call 911 about the alleged theft; by the time she encountered police officers, she was driving her other car, a Range Rover, the presence of which was neither explained nor addressed by the police officer.[3] Moody said that four masked men all got into her car; there were three defendants and one had to be in the BMW that is seen on CCTV being driven behind the Mercedes.

More importantly, Moody is not seen in any of the CCTV cameras; Bonner is seen immediately after the driver change walking up the street.[4] Bonner, and the street where

---

[2] The alleged carjacking is referred to herein as a "change of drivers" of the Mercedes because subsequent investigation by the defense revealed that the car was taken with consent and not by force.
[3] No officer asked Moody where she had been between the car taking at 10:53 p.m. and 11:45 p.m. when she was interviewed on the street.
[4] In the video an hour later, Moody is seen in a very bright blonde wig; she would be

the exchange occurred, are seem for minutes after the event - including seeing Bonner walk from the sidewalk back to the Mercedes to speak with the new drivers. Yet, Moody is neither with Bonner nor anywhere on the street.

In addition to being absent from any CCTV video at the scene where she claimed a crime occurred, Moody's contemporaneous description of the the location of the event was wrong. She stated several times, on the street in a BWC camera and an hour later on video at the station, that she was sitting at the light on West Baltimore Street and Howard Street, directly in front of the 7-11 on the corner of those streets when her car was taken. She was very specific - she was on Baltimore Street in the lane next to the parking lane, the second car from the light, sitting in traffic; immediately outside the 7-11. CCTV video shows the objective inaccuracy of this statement - the cars changed drivers about 250 feet down the street from the 7-11, closer to the corner at Eutaw Street than Howard. And, the Mercedes was not sitting in traffic, was not at the light and was not in the second lane from the parking lane.

All of these inconsistencies were known to the Government at the time of the indictment. Whether these problems with the witnesses' credibility were sufficient to cause the Government to question whether a carjacking in fact occurred is certainly arguable, but not the ultimate point of this motion.[5]

II. <u>Information known now but not allowed to be shared</u>

After learning that Ms. Moody was not downtown at the time she claimed to have been the victim of an armed carjacking, defense to met with Government counsel on

---

readily identifiable in any CCTV video. She was not seen at any point.

[5] Subsequent to the indictment, defense counsel learned by defense counsel that Ms. Moody was not downtown at all at the time of the driver change. She was at home at 10:55 p.m. on November 4, 2023 , but arrived downtown about 30 minutes later, which explains the presence of her driving her Range Rover.

December 15, 2025, to discuss the certain discrepancies of the carjacking allegations. At that meeting, Government counsel offered to provide information that, they asserted, indicated that Government counsel had reviewed the discrepancies with Government witnesses.

Government counsel advised that the materials were Grand Jury related and that they had met with Moody and Bonner prior to their Grand Jury testimony to discuss any discrepancies between their anticipated testimony and the videos surrounding thee November 4 events. Although no reports of those pre-testimony interviews were written, on December 19, 2025, Government counsel provided Grand Jury transcripts for both Moody and Bonner to defense counsel with a signed "Attorneys Eyes Only" agreement. Pursuant to that agreement, defense counsel agreed not to disclose any of the contents of the materials to anyone. Undersigned counsel is bound by will comply with that agreement. However, that agreement precludes the defendant from providing the full grounds for the instant motion to dismiss.

Without disclosing the content of those materials, however, the defense believes that the transcripts create a basis for a substantive motion to dismiss the indictment on multiple grounds. Those grounds cannot be described or argued in any competent manner without the Grand Jury materials.

   III.   <u>Current Circumstances</u>

In subsequent discussions with Government counsel, the Government takes the position that the contents of the transcripts may not be disclosed, even under seal to the Court, absent a Court order. As a result, the defendant cannot present in this motion the full grounds for dismissing the indictment at this time. Defense counsel has requested

that a Judge evaluate a defense motion to permit disclosure of Grand Jury materials for the limited purpose of filing a fulsome motion to dismiss. If that motion is granted, with the Court's permission, a supplement to this filing will be filed promptly.[6]

WHEREFORE, RONALD SMITH moves this Honorable Court to dismiss the current indictment against him.

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this Penultimate Day of 2025, a copy of the foregoing Motion was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos

---

[6] At the defendant's request, the Court provided a deadline of December 30, 2025, for filing of any substantive motion. Current circumstances prevent a complete motion to be filed. The Court is respectfully asked to extend that deadline pending the outcome of a motion to disclose the Grand Jury materials.