

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*LaRai Everett*
*Assistant United States Attorney*
*LaRai.Everett@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4869*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

December 31, 2025

The Honorable Deborah K. Chasanow
United States District Judge
U.S. Courthouse
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770

      RE:    <u>United States v. Ronald Smith</u>
             Crim No.:  DKC-24-183

Dear Judge Chasanow:

      Per the Court's request, the Government is responding to Defendant Ronald Smith's request to have another judge review grand jury materials. ECF Nos. 86, 87, 88. The Government objects to this request as the Defendant has provided no basis to support why any review of grand jury materials is needed or even appropriate. Furthermore, it is the Government's opinion that this Court should review and decide any matters related to this case, including if deemed necessary, any grand jury materials associated with this case. In sum, the Government does not believe that any review of grand jury materials is necessary, but that if any review does occur, it may be conducted by Your Honor.

      A brief background of the defense's request is as follows: The Defendant, along with two other individuals were indicted with five charges that included four counts related to an armed carjacking that was alleged to have occurred November 4, 2023. Specifically, on June 4, 2024 all three Defendants were federally indicted for the same underlying facts in a five-count indictment, with Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371 (Count One), Carjacking in violation of 18 U.S.C. § 2119(1) (Count Two) Conspiracy to Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count Three), Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) (Count Four), and Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Count Five). However, at this time and in light of information provided by all defense counsel, the Government intends on only proceeding with Count Five against all the Defendants and does not intend on proceeding with the remaining four charges. On December 11, 2025, during a telephonic status conference with the Court, the Government advised this Court and defense counsel of that position. The Government anticipates seeking a dismissal of Counts One through Four and is in the process of seeking approval to dismiss those counts.

After that call, and at the request of defense counsel for Defendant Smith, the Government provided grand jury documents for defense counsel's review under an "Attorney Eye's Only" agreement. Ultimately, all counsel requested to review the grand jury materials and each signed and agreed to this Agreement. As already noted, the Government does not intend on proceeding at this time with any of the Counts related to the armed carjacking but nonetheless provided these specific grand jury documents as a courtesy to all Counsel.

Defendant Smith now seeks to disclose to the Court these grand jury documents, even though they are related to counts that the Government is seeking approval to dismiss. The Defendant alleges "discrepancies" with respect to prior witness statements, the witnesses' anticipated testimony, and the videos surrounding the November 4, 2024 events. At best, such arguments might go to possible impeachment were those witnesses to testify concerning the events of the carjacking counts (which the Government plans to seek to dismiss already). Any alleged discrepancies are certainly not grounds for a defense Motion to Dismiss, especially not as it relates to the remaining Count Five and the allegations of possessing firearms and ammunition by a prohibited person. Furthermore, these statements are not relevant to the remaining Count Five and the Government does intend to use any of these specific grand jury materials for the upcoming January 20, 2025 trial. As such, the Government does not believe that any of the grand jury materials need to be further disclosed. However, if the Court believes otherwise, the Government can certainly provide the necessary grand jury documents to the Court for an in-camera review.

For the reasons stated above, the Government does not believe there is a basis for any review of the grand jury materials (nor is there a basis for any defense Motion to dismiss). However, to the extent that the Court wishes to conduct such a review, the Government does not believe that it is necessary for another judge to do so.

I thank the Court for its consideration of this matter.

Sincerely,

Kelly O. Hayes
United States Attorney

_____/s/_____
LaRai Everett
James Hammond
Assistant United States Attorneys

cc:    Counsel via ECF filing