IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| UNITED STATES | : | |
|---|---|---|
| | : | |
| v. | : | Case No. DKC-24-0183 |
| | : | |
| TURON WILLIAMS, et al. | : | |
| | : | |
| Defendant | : | |

**JOINT MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND UNDULY PREJUDICIAL EVIDENCE**

Turon Williams, the Defendant, by and through Andrew R. Szekely, Assistant Federal Public Defender, hereby jointly moves with his co-defendants Ranair Pratcher and Ronald Smith to exclude evidence that the BMW X4 involved in this case was stolen or that its license plate was reported as having been stolen. Evidence of the status of the car or its license plate is inadmissible because it is irrelevant; even if it were relevant such evidence is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice to Messrs. Williams, Pratcher, and Smith.

**FACTUAL AND PROCEDURAL BACKGROUND**

The government originally charged Mr. Williams with conspiracy to commit carjacking (Count One), carjacking (Count Two), conspiracy to use, carry, and brandish a firearm (Count Three), using, carrying, and brandishing a firearm (Count Four), and possession of a firearm and ammunition by a prohibited person (Count Five). All five counts arise from events on November 4, 2023.

Recently, the government informed the Court and defense counsel that it will be proceeding to trial on only Count Five of the indictment.[1] The government also stated that its

---

[1] In a December 31, 2025, letter addressing a request related to grand jury materials by Mr. Smith, the government stated it intends to dismiss Counts One through Four.

1

trial evidence will start, roughly, at the time the BMW X4 all three men were riding hit an electrical pole, leading to the arrest of all three men a few moments later. The government proposes beginning its evidence with the pursuing officers' knowledge that the BMW X4 was stolen or that the license plates attached to it had been reported stolen and did not match the BMW X4. Mr. Williams, jointly with his co-defendants, objects to the admission of that evidence.

**ARGUMENT**

The government's proffered evidence is contrary to Federal Rules of Evidence 402 and 403 because it is both irrelevant and unduly prejudicial. Rule 402 bars the admission of irrelevant evidence. Evidence is relevant if it tends to "make a fact more or less probable than it would be without the evidence" *and* that fact is "of consequence" to the pending case. Federal Rule of Evidence 401. Here, evidence that either the car or its tags were stolen is irrelevant to the jury's determination of whether anyone in the BMW X4 possessed a firearm following a prohibiting conviction.

The BMW X4, which was recovered on November 5, 2023, had been stolen on April 23, 2023. Incident Report, Exhibit A. Whether the three men were riding in a car that had been stolen six months before the night of the arrests is of no moment to the questions posed to the jury:

1. Were the items recovered firearms?
2. Did they travel in interstate commerce?
3. Who possessed the firearms?
4. Was anyone who possessed a firearm prohibited from doing so and had knowledge of their status?

*See* Sand, *Modern Federal Jury Instructions*, 35-47, *Rehaif v. United States*, 588 U.S. 225 (2019).

Evidence of the stolen status of the car or plates is also irrelevant to the government's telling of the story of the case. Why police noticed the car or approached it does not matter to the jury, the evidence found inside does. In trials where the government introduces evidence recovered during the execution of search warrants, jurors are often informed they should not concern themselves with the lawfulness of the search, just the recovered evidence. *See United States v. Kingsborough*, 744 F. App'x 139, 146 (4th Cir. 2018) (holding district court did not abuse its discretion in giving jury instruction that "advised the jury that the officers' seizure of the firearm evidence occurred 'during an arrest and search' that had already been found by the court to be 'valid and legal'" and noting undisputed statement of law that 'it is the responsibility of the Court alone to determine the validity and legality of the arrest and search.'") Other judges in this District have issued instructions in line with *Kingsborough*. *See* Jury Instructions, *United States v. Osman Sesay*, MJM-21-0298, ECF No. 190; Proposed Jury Instructions, *United States v. Dales*, GLR-23-026 ECF No.125 (the instruction was proposed, but not given as Mr. Dales pleaded guilty before trial). The Court should instruct the jury similarly here.[2]

Even if the Court found evidence of the car or its plates being stolen was relevant to some fact the government must establish at trial, it is nevertheless unduly prejudicial to Mr. Williams and his co-defendants because it will mislead the jury or confuse the issues.

One inference a juror might draw from the fact the car was stolen was that one of the men inside stole it and that people who steal cars, or ride in stolen cars, might be up to other illegal activities like unlawful firearms possession.[3] Such an inference would be unfair because there is no evidence anyone in the car knew it was stolen or had been involved in its theft.

---

[2] Mr. Williams will submit a proposed jury instruction on this point with the parties' January 9, 2026, joint pretrial submissions.

[3] These inferences also raise issues related to FRE 404(b). The government, however, on a conference call with counsel expressly stated it was not seeking to admit any evidence of prior

The BMW X4's owner reported that on April 23, 2023, he was vacuuming his car at a car wash when someone jumped into his car and stole it. Exhibit A at 7. The owner reported that in addition to the car, the suspect took a Smith & Wesson 9mm handgun and body armor. *Id.* at 5-7. The car's owner did not recognize the person who stole his car, but said he looked about 17 years old.

The facts of the car's theft suggest that no one on trial here was involved in its taking. In 2023, Mr. Willliams was 33, Mr. Pratcher was 30, and Mr. Smith was 31. Further, neither the Smith & Wesson nor the body armor taken with the BMW X4 were found on November 5, 2023. The limited facts known about the car theft suggest it was stolen by an adolescent in Suitland in April 2023 and via an unknown sequence of events was eventually being driven by Mr. Pratcher on November 4, 2023.

Allowing the jury to learn the car, or its tags were stolen, injects unduly prejudicial information into the trial. It will confuse the jury, leading to a mini-trial on the car's theft. It will also mislead the jury by implying someone on trial was involved in the theft, or knowingly possessed a stolen car.

## CONCLUSION

For the reasons stated above, and those developed at the January 13, 2026, pretrial conference the Court should not permit the government to introduce evidence that the BMW X4 or its license plate was stolen.

Respectfully submitted,

James Wyda

---

bad acts as to any defendant. Mr. Willams' motion therefore addresses only FRE 402 and 403. Regardless, because the FRE 404(b) analysis incorporates the FRE 403 balancing test, the evidence is inadmissible as a prior bad act. *See United States v. Queen*, 132 F.3d 991 (4th Cir. 1997) (outlining the standard for admitting FRE 404(b) evidence).

Federal Public Defender
 for the District of Maryland


Andrew R. Szekely
Gabriel Reyes
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 779-6646
Fax: (410) 962-3976
Email: andrew_szekely@fd.org
        gabriel_reyes@fd.org