IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC-24-183 |
| | * | |
| RANAIR PRATCHER, et al., | * | |
| | * | |
| Defendants. | * | |
| | ****** | |

**GOVERNMENT'S MOTIONS IN LIMINE REGARDING ADMISSION OF EVIDENCE
UNDER FRE 609 AND TO PRECLUDE THE INTRODUCTION OF EVIDENCE**

Ranair Pratcher, Ronald Smith, and Turon Williams ("Defendants") are each charged with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1)[1]. This is not the Defendants' first encounter with the criminal justice system. Defendant Pratcher has a 2021 conviction for violations of 21 U.S.C. §§ 841(a)(1) and 846. Defendant Smith has a 2015 conviction for distribution and possession with intent to distribute cocaine. Defendant Williams has a 2021 conviction for violations of 21 U.S.C. §§ 841(a)(1) and 846.

Trial in this matter is scheduled to begin January 20, 2026. The Government now moves *in limine* to permit the introduction of evidence of the above-referenced prior crimes under Rule 609 should the Defendants elect to testify at trial. As detailed below, these prior crimes are probative as to the credibility of the Defendants' testimony.

Additionally, the Government also moves to preclude the Defendants from introducing any evidence or engaging in any argument about any absent Defendants at trial, the Government's

---

1    While the Defendants are still currently charged with four other counts, the Government is anticipating dismissing Counts One through Four of the Indictment prior to trial consistent with the Government's representations made to the Court on December 11, 2025.

1

investigation into Counts One through Four, or the Government's election not to proceed on Counts One through Four. Such evidence or argument would be highly irrelevant as to the facts and circumstances of Count Five, would have no probative value as to Count Five, and would be severely prejudice the Government.

Finally, the Government moves to preclude the Defendants from introducing any self-serving statements made during their arrest. Such statements are inadmissible hearsay when introduced by the Defendants and must be precluded. Should the Defendants wish to introduce any such statements, the Defendants must take the witness stand and testify. As such, these motions should be granted.

## I. STATEMENT OF FACTS

The Defendants were arrested on November 5, 2023, by Baltimore Police Department (BPD) detectives after being found in a stolen vehicle. Upon police arrival, the Defendants tried to flee in the stolen vehicle, but struck a light pole, disabling the vehicle. Police found Defendant Pratcher in the driver's seat of the vehicle, Defendant Smith in the front passenger seat of the vehicle, and Defendant Williams in the rear passenger seat of the vehicle.

Defendant Pratcher was arrested on scene from the driver's seat of the stolen vehicle where police recovered a black Glock model 23 .40 caliber handgun containing 21 rounds of ammunition in a high-capacity magazine from the driver's floorboard near Pratcher's feet. Defendant Smith fled on foot from the front passenger seat of the vehicle. Police pursued Smith with the assistance of BPD Aviation who observed Smith remove a firearm from his waistband area and discard it while fleeing. Police recovered that firearm which turned out to be a black Glock model 21 .45 caliber handgun, equipped with a machinegun conversion device, loaded with 27 rounds of

ammunition in a high-capacity magazine. Defendant Williams was arrested on scene from the rear seat of the stolen vehicle where police recovered a tan Glock model 19X 9mm handgun that police saw sticking out of a trash bag at the Defendant's feet. The firearm was equipped with a machinegun conversion device and loaded with 22 rounds of ammunition in a high-capacity magazine. The firearm was reported stolen out of Prince George's County, Maryland, 49 days prior to its recovery from the Defendant. Police recovered additional loaded magazines from the center console of the vehicle, one of which was a tan 9mm magazine matching the firearm possessed by Defendant Williams.

Trial is scheduled to begin in this matter on January 20, 2025. The Government expects to introduce at trial evidence of the November 5, 2023, incident through the testimony of various officers, through the physical evidence recovered, and through various videos taken of the incident and the surrounding events. In their defense, the Government expects that the Defendants may seek to disclaim knowledge of the firearms, thereby making the knowing possession of the firearms by the Defendants a critical issue in this case. The Defendants may also seek to introduce evidence about the investigation of Counts One through Four or the Government's election not to prosecute those counts or the absence of any Defendants at trial.

## II.  LEGAL ANALYSIS

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cty., Maryland*, No. CV ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Typically, pretrial motions *in limine* seek to exclude prejudicial evidence before it is offered at trial. *See Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d

740, 745 (D. Md. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). These motions help to streamline a case by allowing the Court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi*, 102 F. Supp. 3d at 745 ("[Motions *in limine*] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'") (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)).

Motions *in limine* further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996); *see* FED. R. EVID. 103(a); *cf.* FED. R. EVID. 103(a) advisory committee's note to 2000 amendment (acknowledging that Rule 103(a) "applies to all rulings on evidence . . . including so-called 'in limine' rulings"). Rulings on these motions fall within the Court's "broad discretion." *Kauffman v. Park Place Hospitality Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012); *see also United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (noting that evidentiary rulings fall within a trial court's discretion). *United States v. Wall*, No. CR SAG-19-0500, 2022 WL 1268061, at *1 (D. Md. Apr. 28, 2022).

A. **Defendants' Prior Convictions Should Be Admitted Under Fed. R. Evid. 609 Should They Choose to Testify.**

To meet its burden of proof in this case, particularly on the element of knowledge, the Government moves under Fed. R. Evid. 609 to admit relevant and highly probative evidence of the Defendants' previous convictions for distribution or possession with intent to distribute controlled substances.

Both Defendants Pratcher and Williams were arrested and charged federally for the same

offense that stemmed from an October 2019 incident related to guns and drugs, both ultimately pled guilty the drug offenses. The facts related to those underlying offense is as follows: On October 16, 2019, Defendant Pratcher was stopped in a vehicle by BPD officers in the 3000 block of East Madison Street in Baltimore City, Maryland. Codefendant Williams was in the passenger seat. Defendants Pratcher and Williams fled from police in their vehicle, crashed the vehicle, then fled from police on foot. When both were arrested, police recovered a distribution quantity of fentanyl on his person on Pratcher's person and a distribution quantity of cocaine from Williams along with the recovery of two stolen firearms and additional fentanyl from the vehicle.

On February 18, 2021, Defendant Pratcher was sentenced to 33 months imprisonment, followed by three years of supervised release, for conspiracy to distribute and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Similarly, on July 27, 2021, Defendant Williams was sentenced to 48 months imprisonment, followed by three years of supervised release, for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. As mentioned above, Defendant Williams was the passenger in the vehicle police stopped on October 16, 2019, in Baltimore City, Maryland and fled on foot after the vehicle crashed.

Finally, on January 8, 2015, Defendant Smith was sentenced to 24 months imprisonment, followed by five years of supervised release, for distribution and possession with intent to distribute cocaine in Washington, D.C.

Under Federal Rule of Evidence 609, if the defendant in a criminal case testifies, then prior felony convictions "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The court must conduct a

5

balancing test in which it considers several factors.

First, the court must determine whether the prior conviction is probative. The Fourth Circuit has held that "as a general rule, convictions of felony are admissible as going to the credibility of a witness." *United States v. Truslow*, 530 F.2d 257, 265 (4th Cir. 1975); *United States v. Miller*, 478 F.2d 768, 769 (4th Cir. 1973) (stating that "'[p]rior criminal convictions for felonies or misdemeanors involving moral turpitude ordinarily constitute material impeaching evidence.'") (citation omitted). Furthermore, several courts have held that "[p]rior drug-trafficking crimes are generally viewed as having some bearing on veracity." *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005) (citing *United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) and *United States v. Lattner*, 385 F.3d 947, 961 (6th Cir. 2004)).

Second, the court must determine whether admission of the prior conviction for impeachment would be unduly prejudicial to the defendants. *Miller*, 478 F.2d at 768. A trial court may use its discretion to limit impeachment by a prior conviction, but a limitation should occur only if there is reason to believe that "the prejudicial effect of the earlier convictions . . . will outweigh their possible probative force in impeaching credibility." *Id.* at 769 (citing *United States v. Hildreth*, 387 F.2d 328, 329 (4th Cir. 1967)).

Third, and "[p]erhaps most important[ly]," the court must determine whether the outcome will "hinge[] on a credibility choice" in which the jury must "decide whether to believe [the defendant] or the police officers." *Brito*, 427 F.3d at 64. "The salience of the credibility issue weighs in favor of admitting the prior convictions." *Id.* (citing *United States v. Pritchard*, 973 F.2d 905, 909 (11th Cir. 1992); *United States v. Oakes*, 565 F.2d 170, 173 (1st Cir. 1977); *accord Truslow*, 530 F.2d at 265 (noting how prior felony convictions are usually admissible as they go

6

to credibility). In admitting this evidence, courts have recognized that "'[i]t would be patently unfair and misleading to the jury'" to allow the defendants, if they chose to testify, to appear "pristine" on the witness stand when in fact they have at least one prior conviction each which could have been used to impeach their credibility and provide the jury with a more accurate picture on the issue of credibility. *United States v. Brown*, 2009 WL 728448 at *10-11 (E.D.N.Y. Mar. 10, 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 785 (2d Cir. 1977)).

When these factors favor the Government, then the Government should be permitted to elicit "the name of the crime, the time and place of conviction, and the punishment." *Miller*, 478 F.2d at 770 n.4 (citing McCormick on Evidence (1972 Ed.) § 43, p. 88).

Pursuant to these general principles, the Fourth Circuit has permitted the introduction of prior drug felonies under Rule 609, even against a defendant charged with violations of 21 U.S.C. §§ 841, 846. *See United States v. Carmichael*, 1998 WL 390973 at *1 (4th Cir. July 14, 1998); *United States v. Leavis*, 853 F.2d 215, 220 (4th Cir.1988); *cf. United States v. Johnson*, 587 F.3d 625, 638 (4th Cir. 2009) (noting with approval how the "the government impeached [defendant on trial for drug charges] with drug possession convictions from 1996 and 2002").

Based on the foregoing, and pursuant to Fed. R. Evid. 609(a)(1)(B), if the Defendants chooses to testify, the Government should be entitled to ask the Defendant whether they have been convicted of the aforementioned felony controlled substance offenses; the time and place of the conviction; and the punishment they received for their convictions.

First, the Defendants' prior drug convictions are felony convictions, and hence under *Truslow* and *Miller* they are probative of the Defendants' credibility. *Truslow*, 530 F.2d at 265; *Miller*, 478 F.2d at 769; *see also Brito*, 427 F.3d at 64 (noting that "[p]rior drug-trafficking crimes

are generally viewed as having some bearing on veracity").

Second, the probative value of this evidence, which is established by *Truslow* and *Miller*, outweighs any prejudice. These prior convictions are not similar to the charge in which the Defendants will face at trial. In fact, even instances where the Defendants would have faced trial on the same charges, and conceding that this would in turn open the door for some level of prejudice, *see Carmichael*, 1998 WL 390973 *1-2 (discussing when the impeaching conviction is for a similar offense to the one being tried), any such prejudice can be cured by an appropriate limiting instruction and is not unfairly prejudicial. *See Queen*, 132 F.3d at 997. The Court could issue a similar instruction here, but in this situation, one is not warranted given the dissimilar nature of the prior convictions and the pending charge.

Third, the Defendants may attempt to raise an issue about their knowledge of the firearms, and hence fundamental fairness dictates that the jury be allowed to hear impeachment evidence against the Defendants lest they are misled into believing they are a "pristine" witness who has never before committed a felony. *Brown*, 2009 WL 728448 at *10-11 (citing *Ortiz*, 553 F.2d at 785). Indeed, as one court has stated, "'it is not surprising that the [district] court was unwilling to let a man with a substantial criminal history misrepresent himself to the jury, with the government forced to sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness.'" *United States v. Alexander*, 48 F.3d 1477, 1489 (9th Cir. 1995) (citation omitted).

Based on the foregoing, the Government respectfully submits that the Defendants' prior convictions should be admissible under Rule 609 if they choose to testify.

**B. The Court Should Preclude Commentary, Evidence, and Argument Regarding Any Defendants Not Standing Trial, and Counts One through Four of the Indictment,**

**Including the Investigation of Those Counts and the Government's Election Not to Prosecute Those Counts.**

The Government moves to preclude the Defendants from introducing evidence and argument regarding the Government's investigation and charging decisions in this case. The Government anticipates that the evidence at trial will demonstrate that all three Defendants were in violation of 18 U.S.C. § 922(g)(1). It is still unknown to the Government if all three Defendants will stand trial on this charge. One or more Defendants may attempt to raise to the jury the fact that he is the only Defendant in the courtroom or question the whereabouts of another Defendant not in the courtroom or comment on the dismissal by the Government of Counts One through Four of the Indictment and the related investigation of those Counts. The Court should preclude any such commentary, evidence, and argument.

As a general matter, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Claims based on the non-prosecution of other individuals or other charges are "not a defense on the merits to the criminal charge itself." *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) (analyzing selective prosecution challenge).

Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." FED. R. EVID. 401; *see also Old Chief v. United States*, 519 U.S. 172, 178 (1997). By contrast, evidence that has "no bearing on the merits of the case" or "on [the defendant's] honesty or integrity" that "could well cause the jury to be influenced by sympathies" should be excluded. *United States v. Paccione*, 949 F.2d 1183, 1201 (2d Cir. 1991); *see also, e.g.,*

9

*United States v. Levin*, 2016 WL 299031, at *6 (S.D.N.Y. Jan. 25, 2016) (excluding evidence that has a "high likelihood of inappropriately eliciting sympathy from the jury on a matter having no bearing on the merits"). Such is the case here.

At trial, the jury will be required to determine whether the Government has proven beyond a reasonable doubt that the Defendants were in possession of firearms and ammunition while being prohibited from doing so. The absence of one or more Defendant at trial charged with the same offense related to the same conduct has no bearing on any of the Defendant's guilt or the factual determinations the jury will be asked to make.

Similarly, any questions about the Government's investigation into charges the Government is not electing to prosecute, resulting from a separate investigation occurring prior to the conduct charged in Count Five, and having no relevance to the conduct charged in Count Five should be excluded. Such evidence related to the Government's investigation and charging decisions would, therefore, have no probative value at any of the Defendants' trial. *See* FED. R. EVID. 401. And even if it did, it would be substantially outweighed by prejudice. *See* FED. R. EVID. 403; *United States v. Henson*, MJM-21-cr-470, Pretrial Conference Transcript, ECF No. 160 (D. Md. July 3, 2024) ("Even if there was an ounce of probative value in [the government's charging decisions], it would be substantially outweighed by the risk of misleading or confusing the jury, unfairly prejudicing the Government's case and wasting time under Federal Rule of Evidence 403"). Rather, introducing evidence or eliciting testimony or engaging in argument of this kind would serve primarily one inadmissible purpose: to appeal to the jury's sympathy. The Defendant should thus be precluded from doing so. *See, e.g.*, *United States v. Edwards*, 101 F.3d 17, 20 (2d Cir. 1996) (approving district court's decision to prohibit any argument in support of jury

10

nullification); *United States v. Mejia*, 2016 WL 6662265, at *2 (S.D.N.Y. Nov. 10, 2016) (precluding evidence of defendant's personal circumstances as "irrelevant to the merits of this case," and even if relevant, "its presentation to the jury would be highly prejudicial while lacking any probative value"). The Court should thus preclude any such evidence from being introduced or argument from being made.

### C. The Defendants Should Be Precluded from Introducing Purportedly Self-Exculpatory Statements Without Testifying.

The Defendants should not be allowed to introduce their own out-of-court statements without testifying. While the Defendants' out-of-court statements are not hearsay when offered against them by the Government, those statements are inadmissible hearsay when offered by the Defendants without testifying. *See United States v. Rich*, 2024 WL 2396706, at *5 (D. Md. May 23, 2024) (defendant's own exculpatory out-of-court statements barred as hearsay); *United States v. Davis*, 75 F.4th 428, 437 n.9 (4th Cir. 2023) ("To be sure, had the exculpatory firearm comment been introduced by the government at trial, it would not be hearsay under Rule 801(d)(2) (providing that statement by party-opponent is not hearsay). On the other hand, if Davis had sought to introduce the comment in the defense case, it would be hearsay and Rule 801(d)(2) would not apply.")

Moreover, the rule of completeness as codified in Federal Rule of Evidence 106 does not permit the Defendants to introduce purportedly self-exculpatory hearsay simply because the Government admits other statements of the Defendant through its witnesses or exhibits. Precedent is clear: Rule 106 "does not . . . render admissible the evidence which is otherwise inadmissible under the hearsay rules.'" *United States v. Davis*, 75 F.4th 428, 436 (4th Cir. 2023) (quoting *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (alterations in original)). Neither does Rule

106 "require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014).

To be clear, the Government has not identified any inculpatory statements made by the Defendants it seeks to introduce against any of the Defendants. While the Defendants have filed no motions seeking to introduce any exculpatory statements in lieu of testifying, the Defendants have also withdrawn any pretrial motions to suppress statements made during their arrest. In an abundance of caution, there may be self-serving statements made by the Defendants during their arrest in which the Defendants believe to be exculpatory and wish to introduce without testifying. These statements would be inadmissible hearsay. Accordingly, the Court should preclude the Defendants from introducing any purportedly self-exculpatory statements without testifying.

### III.   CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant these motion and hold that the Defendants' prior convictions are admissible under Rule 609; preclude the Defendant's from introducing any evidence or making any arguments about the facts or investigation alleged in Counts One through Four of the Indictment as irrelevant to Count Five; and preclude the Defendants from introducing prior statements of the Defendants in lieu of testifying at trial.

                                      Respectfully submitted,

                                      Kelly O. Hayes
                                      United States Attorney


                                      By:_____/S/_____
                                      James I. Hammond

LaRai Everett
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on this 2nd day of January, 2025, a copy of the foregoing Motion in Limine was electronically filed with the Clerk of Court via CM/ECF and thereby served on all counsel of record.

                                                                                   /S/_____
                                                                         James I. Hammond
                                                                         Assistant United States Attorney