KYH: 12.19.2025



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

James I. Hammond
*Assistant United States Attorney*
james.hammond@usdoj.gov

36 South Charles Street
Suite 400
Baltimore, MD 21201-3119

DIRECT: 410-209-4952
MAIN: 410-209-4800
FAX: 410-962-3124

December 23, 2025

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

3:11 pm, Jan 13 2026
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____R.C.____ Deputy

Christopher C. Nieto, Esq.
Nieto Law Office
1 North Charles Street, Suite 1301
Baltimore, Maryland 21201

Re:   *United States v. Ranair Pratcher*
      Criminal Case Nos. DKC-24-183 and DKC-20-084

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Ranair Pratcher ("the Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). **If this Agreement is not accepted by January 9, 2026, it will be deemed withdrawn** If the Defendant accepts this Agreement, please have him execute it in the spaces provided below. The terms of the Agreement are as follows:

### Offenses of Conviction

1.   The Defendant agrees to plead guilty to Count Five of the Indictment in Criminal Case No. DKC-24-183, which charges the Defendant with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

2.   The Defendant agrees to plead guilty to violating the terms of his supervised release in Criminal Case No. DKC-20-084, specifically to violation #1, pursuant to 18 U.S.C. § 3583(e).

### Elements of the Offense

3.   The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

#### Criminal Case No. DKC-24-183

That on or about the time alleged in the Indictment, in the District of Maryland:

1

*KYH: 12.19.2025*

    a.  The Defendant knowingly possessed a firearm and ammunition as those terms are defined in 18 U.S.C. §§ 921(a)(3) and (a)(17)(A), respectively;

    b.  The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status; and

    c.  The firearm and ammunition affected interstate commerce because they were manufactured outside of the state of Maryland.

### Criminal Case No. DKC-20-084

    d.  From on or about January 13, 2022, to on or about November 5, 2023, the Defendant was subject to a judgment that imposed conditions on him during the period of supervised release; and

    e.  The Defendant knowingly violated one of the conditions of his supervised release, namely, committing a federal crime – possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), which occurred during the period of his supervised release.

### Penalties

4.    The maximum sentence provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Case/Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| DKC-24-181/Count Five | 18 U.S.C. § 922(g)(1) | None | 15 Years | 3 years | $250,000 | $100 |
| DKC-20-084 /Violation #1 | 18 U.S.C. § 3583(e)(3) | None | 2 years | 3 years, less any term of imprisonment upon revocation | N/A | N/A |

    a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    Supervised Release: If the Court orders a term of supervised release for Criminal Case No. DKC-24-181, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release. The Court may order a term of supervised release for Criminal Case No. DKC-20-084 to run concurrent or consecutive pursuant to 18 U.S.C. § 3584.

KYH: 12.19.2025

      c.      Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

    5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to

KYH: 12.19.2025

confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform

*KYH: 12.19.2025*

Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

With regard to **DKC-24-183**, this Office and the Defendant stipulate and agree to the Statement of Facts set forth in **Attachment A**, which is incorporated by reference herein.

a. This Office and the Defendant agree that the applicable base offense level is **22** pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(3) because the Defendant committed any part of the instant offense subsequent to sustaining one felony conviction of a controlled substance offense, and the instant offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine.

b. This Office does not oppose a **2-level** reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office <u>does not</u> agree to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease because this Office has begun preparing for trial. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

Based on the foregoing, the **anticipated adjusted offense level is 20**.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

8. With regard to **DKC-20-084**, this Office and the Defendant stipulate and agree that the applicable Guidelines range is 12 to 18 months' imprisonment pursuant to U.S.S.G. §§ 7B1.1 and 7B1.4 because the Defendant's violation constitutes a Grade A violation and he previously had a Criminal History Category of I.

9. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

KYH: 12.19.2025

### Rule 11(c)(1)(C) Plea

10. The Office and the Defendant stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **36 months' imprisonment as to DKC-24-183** and **a consecutive term of 6 months' imprisonment as to DKC-20-084** (for **a total term of incarceration of 42 months**) in the custody of the Bureau of Prisons is the appropriate disposition in this case. This sentence of imprisonment takes into consideration the nature and circumstances of the offense, other crimes with which the Defendant could have been charged for the underlying conduct, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine, or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that, if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor this Office will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

### Obligations of the Parties

11. At the time of sentencing, this Office and the Defendant will recommend a sentence of **36 months' imprisonment** in case **DKC-24-183**. The parties may advocate for any period of supervised release and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

12. At the time of sentencing, this Office and the Defendant will recommend a sentence of **6 months' imprisonment** in Defendant's pending violation of supervised release in case **DKC-20-084,** that will run **consecutive to the sentence imposed in DKC-24-183**.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

*KYH: 12.19.2025*

  b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

    i. The Defendant reserves the right to appeal the sentence of imprisonment if the total term of imprisonment exceeds **42 months**; and

    ii. This Office reserves the right to appeal the sentence of imprisonment if the total term of imprisonment is less than **42 months**.

  c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

14. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

15. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

  a. **a Glock model 23 firearm, bearing seral number CABX163;**
  b. **a Glock model 21 firearm, bearing serial number UBR467, with an attached black auto sear switch;**
  c. **a Glock model 19X firearm, bearing serial number BXGZ920, with a silver auto sear switch attached thereto;**
  d. **approximately 21 rounds of .40 S&W caliber ammunition;**
  e. **approximately 27 rounds of .45 Auto caliber ammunition; and**
  f. **approximately 22 rounds of 9mm Luger caliber ammunition.**

16. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

*KYH: 12.19.2025*

17. The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Defendant's Conduct Prior to Sentencing and Breach

19. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

20. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

21. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to

*KYH: 12.19.2025*

impose a sentence up to the maximum penalty allowed by law. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

22.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing, signed by all parties, and approved by the Court.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. hayes
United States Attorney

By: _____
James Hammond
LaRai Everett
Assistant United States Attorneys

KYH: 12.19.2025

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1-13-26
Date

_[signature]_
Ranair Pratcher, Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement, with the Defendant. The Defendant advises me that he understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

1/13/26
Date

_[signature]_
Christopher C. Nieto, Esq.

KYH: 12.19.2025

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On November 5, 2023, members of the Baltimore Police Department received a license plate reader alert for a stolen black BMW model X4 SUV in Downtown Baltimore City, Maryland. Police located the vehicle utilizing CitiWatch surveillance cameras and found it parked in the unit block of South Street near a MECU bank. When officers arrived to arrest the occupants of the stolen BMW, the Defendant, Ranair Pratcher, seated in the driver's seat, tried to drive off, but struck a light pole, rendering the stolen BMW inoperable. Pratcher was removed from the driver's seat of the stolen BMW and arrested. At his feet, on the driver's floorboard of the stolen BMW, officers recovered a Glock model 23 handgun, bearing serial number CABX163, containing a 22-round large capacity magazine and 21 rounds of .40 S&W caliber ammunition. Pratcher admits that he knowingly possessed this firearm and ammunition.

Officers also recovered a Glock model 21 firearm, bearing serial number UBR467, equipped with a machinegun conversion device, containing a 31-round large capacity magazine and 27 rounds of .45 Auto caliber ammunition. Officers also recovered a tan Glock model 19X handgun from the rear floorboard, bearing serial number BXGZ920, equipped with a machinegun conversion device, containing a 25-round large capacity magazine. That firearm was loaded with 22 rounds of ammunition.

The firearm and ammunition meet their respective definitions pursuant to 18 U.S.C. §§ 921(a)(3) and (a)(17)(A). Prior to possessing the firearm and ammunition on November 5, 2023, Pratcher had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status when he possessed the firearm and ammunition. The firearm and ammunition that Pratcher possessed affected interstate commerce as they were manufactured outside of the state of Maryland.

On or about January 13, 2022, through and including November 5, 2023, Pratcher was subject to a judgment that imposed conditions on him during the period of supervised release in criminal case DKC-20-084. Mandatory condition #1 in that case states that Pratcher must not commit another federal, state, or local crime. On November 5, 2023, Pratcher knowingly violated mandatory condition #1 by possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) while on supervised release.

All the above-described events took place in the District of Maryland.

11

*KYH: 12.19.2025*
SO STIPULATED:

_____
James Hammond
LaRai Everett
Assistant United States Attorneys

_____
Ranair Pratcher, Defendant

_____
Christopher C. Nieto, Esq.

12